| | |
|---|---|
| LATHAM & WATKINS LLP<br>  James J. Farrell (Bar No. 166595)<br>  james.farrell@lw.com<br>633 West Fifth Street, Suite 4000<br>Los Angeles, California 90071<br>Telephone: (213) 485-1234<br>Facsimile: (213) 891-8763<br><br>LATHAM & WATKINS LLP<br>  John C. Tang (Bar No. 212371)<br>  john.tang@lw.com<br>  Raymond A. Gallenberg (Bar No. 239484)<br>  ray.gallenberg@lw.com<br>140 Scott Drive<br>Menlo Park, California 94025<br>Telephone: (650) 328-4600<br>Facsimile: (650) 463-2600<br><br>Attorneys for Defendants | COHEN MILSTEIN SELLERS & TOLL PLLC<br>  Herbert E. Milstein<br>  Joshua S. Devore<br>  Matthew B. Kaplan<br>  hmilstein@cohenmilstein.com<br>1100 New York Avenue, N.W.<br>West Tower, Suite 500<br>Washington, D.C. 20005<br>Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699<br><br>Lead Counsel for the Class |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LDK SOLAR SECURITIES LITIGATION<br><br>―――――――――――――――――――<br>This Document Relates To:<br><br>ALL ACTIONS. | MASTER FILE NO. C-07-05182-WHA (BZ)<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING DISCLOSURE OF CERTAIN REDACTED NOTEBOOK PASSAGES** |

1    WHEREAS, on November 30, 2009, this Court entered an order setting forth a briefing

2    schedule concerning the applicability of the work-product doctrine to certain passages in the

3    notebooks of Dr. Yuepeng Wan, an employee of Defendant LDK Solar Co., Ltd., that were

4    redacted by Defendants, in the event that the Parties are unable to resolve this issue without

5    judicial intervention;

6    WHEREAS, the Parties have continued to meet and confer regarding their dispute

7    concerning the applicability of the work-product doctrine;

8    WHEREAS, the Parties have agreed that Defendants shall make the information

9    contained in the Bates-numbered pages listed in Exhibit A available—in unredacted form and

10   translated where appropriate—for viewing by Plaintiff's counsel (no copies to be made),

11   provided that absent Court order or the agreement of the Parties: (i) such access shall not

12   constitute or be deemed a waiver of work-product protection that Defendants have asserted with

13   respect to the unredacted information, and (ii) Plaintiff shall not use the unredacted information

14   (or information derived from it) to open the door to further discovery, or for any other purpose;

15   WHEREAS, pursuant to Federal Rule of Evidence 502(d), the Court may enter an order

16   declaring that the attorney-client privilege and work product protection are not waived by the

17   disclosure of documents or information, during the course of the litigation pending before the

18   Court, that would otherwise be entitled to such privilege or protection;

19   WHEREAS, the Parties have agreed that their respective arguments regarding the

20   applicability of the work-product doctrine shall not be affected by the fact or circumstances of

21   Plaintiff's counsel's access to the information pursuant to this Stipulation (including access via

22   any briefing that is not filed in the public record), and that such access is being provided with the

23   Parties expressly reserving all rights;

24   WHEREAS, the Parties have agreed that in connection with any additional briefing on

25   this matter, any of the unredacted information that is submitted to the Court, and any portions of

26   briefing disclosing the contents of such information, shall not be filed in the public record;

27

28

NOW THEREFORE, pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502, the Parties hereby stipulate and respectfully submit as follows:

1. Defendants shall make the redacted information contained in the Bates-numbered pages listed in <u>Exhibit A</u> available—in unredacted form and translated where appropriate—for viewing by Plaintiff's counsel (no copies to be made).

2. Pursuant to Federal Rule of Evidence 502(d), the disclosure of such information (including via any briefing that is not filed in the public record) shall not constitute or be deemed a waiver of any claim of work-product protection that Defendants would otherwise be entitled to assert with respect to the redacted information and its subject matter. The non-waiver of any claims of work-product protection shall apply to the litigation pending before the Court as well as any other federal or state proceeding.

3. Absent Court order or the agreement of the Parties, Plaintiff shall not use the redacted information (or information derived from it) to open the door to further discovery, or for any other purpose other than to decide whether to seek a Court order concerning the applicability of the work-product doctrine to the redacted information.

4. Nothing in this Order shall limit Defendants' claim that the redacted information is protected by the work-product doctrine, and nothing in this Order shall limit Plaintiff's right to challenge such claim (on grounds unrelated to the fact or circumstances of the disclosure of the information).

5. In connection with any additional briefing on this matter, any of the unredacted information that is submitted to the Court, and any portions of briefing disclosing the contents of such information, shall not be filed in the public record.

IT IS SO STIPULATED.

Dated: December 1, 2009                    LATHAM & WATKINS LLP

                                           By _____/s/ John C. Tang_____
                                              John C. Tang
                                              Attorneys for Defendants

Dated: December 1, 2009                    COHEN MILSTEIN SELLERS & TOLL PLLC

                                           By _____/s/ Matthew B. Kaplan_____
                                              Matthew B. Kaplan
                                              Lead Counsel for the Class

I, John C. Tang, am the ECF User whose ID and password are being used to file this Stipulation and [Proposed] Order Regarding Disclosure of Certain Redacted Notebook Passages. In compliance with General Order 45, X.B., I hereby attest that Matthew B. Kaplan has concurred in this filing.

*   *   *

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: December 2, 2009                    _____
                                           Hon. Bernard Zimmerman
                                           United States Magistrate Judge

# **EXHIBIT A**

1. LDK-NDCA01-00015446
2. LDK-NDCA01-00015466
3. LDK-NDCA01-00015470
4. LDK-NDCA01-00015480
5. LDK-NDCA01-00015503
6. LDK-NDCA01-00015523
7. LDK-NDCA01-00015527
8. LDK-NDCA01-00015528
9. LDK-NDCA01-00015529

STIPULATION AND [PROPOSED] ORDER RE
CERTAIN REDACTED NOTEBOOK PASSAGES
MASTER FILE NO. C-07-05182-WHA (BZ)