LATHAM & WATKINS LLP
    James J. Farrell (Bar No. 166595)
    james.farrell@lw.com
633 West Fifth Street, Suite 4000
Los Angeles, California  90071
Telephone:  (213) 485-1234
Facsimile:  (213) 891-8763

LATHAM & WATKINS LLP
    John C. Tang (Bar No. 212371)
    john.tang@lw.com
    Raymond A. Gallenberg (Bar No. 239484)
    ray.gallenberg@lw.com
140 Scott Drive
Menlo Park, California  94025
Telephone:  (650) 328-4600
Facsimile:  (650) 463-2600

Attorneys for Defendants

COHEN MILSTEIN SELLERS & TOLL PLLC
    Herbert E. Milstein
    Joshua S. Devore
    Matthew B. Kaplan
    hmilstein@cohenmilstein.com
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C.  20005
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699

Lead Counsel for the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LDK SOLAR SECURITIES LITIGATION | MASTER FILE NO. C-07-05182-WHA (BZ) |
| This Document Relates To: | **STIPULATION AND [~~PROPOSED~~] ORDER REGARDING DISCLOSURE OF CERTAIN REDACTED NOTEBOOK PASSAGES** |
| ALL ACTIONS. | |

1    WHEREAS, on November 30, 2009, this Court entered an order setting forth a briefing

2   schedule concerning the applicability of the work-product doctrine to certain passages in the

3   notebooks of Dr. Yuepeng Wan, an employee of Defendant LDK Solar Co., Ltd., that were

4   redacted by Defendants, in the event that the Parties are unable to resolve this issue without

5   judicial intervention;

6    WHEREAS, the Parties have continued to meet and confer regarding their dispute

7   concerning the applicability of the work-product doctrine;

8    WHEREAS, the Parties have agreed that Defendants shall make the information

9   contained in the Bates-numbered pages listed in Exhibit A available—in unredacted form and

10   translated where appropriate—for viewing by Plaintiff's counsel (no copies to be made),

11   provided that absent Court order or the agreement of the Parties: (i) such access shall not

12   constitute or be deemed a waiver of work-product protection that Defendants have asserted with

13   respect to the unredacted information, and (ii) Plaintiff shall not use the unredacted information

14   (or information derived from it) to open the door to further discovery, or for any other purpose;

15    WHEREAS, pursuant to Federal Rule of Evidence 502(d), the Court may enter an order

16   declaring that the attorney-client privilege and work product protection are not waived by the

17   disclosure of documents or information, during the course of the litigation pending before the

18   Court, that would otherwise be entitled to such privilege or protection;

19    WHEREAS, the Parties have agreed that their respective arguments regarding the

20   applicability of the work-product doctrine shall not be affected by the fact or circumstances of

21   Plaintiff's counsel's access to the information pursuant to this Stipulation (including access via

22   any briefing that is not filed in the public record), and that such access is being provided with the

23   Parties expressly reserving all rights;

24    WHEREAS, the Parties have agreed that in connection with any additional briefing on

25   this matter, any of the unredacted information that is submitted to the Court, and any portions of

26   briefing disclosing the contents of such information, shall not be filed in the public record;

27

28

STIPULATION AND [PROPOSED] ORDER RE
CERTAIN REDACTED NOTEBOOK PASSAGES
MASTER FILE NO. C-07-05182-WHA (BZ)

NOW THEREFORE, pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502, the Parties hereby stipulate and respectfully submit as follows:

1.      Defendants shall make the redacted information contained in the Bates-numbered pages listed in Exhibit A available—in unredacted form and translated where appropriate—for viewing by Plaintiff's counsel (no copies to be made).

2.      Pursuant to Federal Rule of Evidence 502(d), the disclosure of such information (including via any briefing that is not filed in the public record) shall not constitute or be deemed a waiver of any claim of work-product protection that Defendants would otherwise be entitled to assert with respect to the redacted information and its subject matter.  The non-waiver of any claims of work-product protection shall apply to the litigation pending before the Court as well as any other federal or state proceeding.

3.      Absent Court order or the agreement of the Parties, Plaintiff shall not use the redacted information (or information derived from it) to open the door to further discovery, or for any other purpose other than to decide whether to seek a Court order concerning the applicability of the work-product doctrine to the redacted information.

4.      Nothing in this Order shall limit Defendants' claim that the redacted information is protected by the work-product doctrine, and nothing in this Order shall limit Plaintiff's right to challenge such claim (on grounds unrelated to the fact or circumstances of the disclosure of the information).

1      5.    In connection with any additional briefing on this matter, any of the unredacted

2 information that is submitted to the Court, and any portions of briefing disclosing the contents of

3 such information, shall not be filed in the public record.

4

5 IT IS SO STIPULATED.

6

7 Dated:  December 1, 2009             LATHAM & WATKINS LLP

8

9                                 By _____/s/ John C. Tang_____
                                       John C. Tang

10                                        Attorneys for Defendants

11 Dated:  December 1, 2009             COHEN MILSTEIN SELLERS & TOLL PLLC

12

13                                 By _____/s/ Matthew B. Kaplan_____
                                       Matthew B. Kaplan

14                                        Lead Counsel for the Class

15

16      I, John C. Tang, am the ECF User whose ID and password are being used to file this

17 Stipulation and [Proposed] Order Regarding Disclosure of Certain Redacted Notebook Passages.

18 In compliance with General Order 45, X.B., I hereby attest that Matthew B. Kaplan has

19 concurred in this filing.

20                            *      *      *

21

22              **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

23 Dated:  December _2_, 2009               _____

24                                   Hon. Bernard Zimmerman
                                  United States Magistrate Judge

25

26

27

28

3

1

## EXHIBIT A

2

3
     1.        LDK-NDCA01-00015446

4
     2.        LDK-NDCA01-00015466

5
     3.        LDK-NDCA01-00015470

6
     4.        LDK-NDCA01-00015480

7
     5.        LDK-NDCA01-00015503

8
     6.        LDK-NDCA01-00015523

9
     7.        LDK-NDCA01-00015527

10
     8.        LDK-NDCA01-00015528

11
     9.        LDK-NDCA01-00015529

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER RE
CERTAIN REDACTED NOTEBOOK PASSAGES
MASTER FILE NO. C-07-05182-WHA (BZ)